Argued January 6, accused reprimanded February 24, 1971

IN RE COMPLAINT AS TO THE CONDUCT OF
HOWARD R. HEDRICK, ACCUSED.
481 P2d 71

*John R. Faust, Jr.*, Portland, argued the cause for accused. With him on the briefs were Cake, Jaureguy, Hardy, Buttler & McEwen, Portland.

*Al J. Laue*, Salem, argued the cause for Oregon State Bar. With him on the brief was Robert N. Gygi, Portland.

PER CURIAM.

The accused member of the bar is charged by the bar with representing conflicting interests. Both the

trial committee and the Board of Governors found the accused guilty. The accused denies the charge.

Rule 7 of the Rules of Professional Conduct provides:

> "A member of the state bar shall not represent conflicting interests, except with the express consent of all parties concerned after a full disclosure of the facts, and then only when acting in the capacity of arbitrator. Within the meaning of this rule, a lawyer represents conflicting interests when, in behalf of one client, it is his duty to contend for that which his duty to another client requires him to oppose. The obligation to represent the client with undivided fidelity and not to divulge his secrets or confidences also forbids the member from subsequently and knowingly accepting or continuing in employment by others in matters adversely affecting any interest of the client with respect to which confidence has been imposed."[1]

The last sentence in the above rule is the particular ethical standard that the bar contends was violated by the accused. The bar charges that the accused represented Crawford and another, that they retained him to form Condor Development, a corporation, and to advise them with respect to its affairs. Thereafter, the accused breached the confidences imposed in him by Crawford and represented Condor in litigation against Crawford.

The evidence was long and complicated. A summary is sufficient. Most of the facts will be stated as testified to by the accused. Crawford had been ad-

---

[1] On December 30, 1970, this court, upon the recommendation of the Oregon State Bar, adopted the American Bar Association Code of Professional Responsibility to supplant the Rules of Professional Conduct. Canons 4 and 5 of that Code cover the circumstances involved here.

mitted to practice law in Montana, but subsequently had been disbarred. He was never admitted to practice in Oregon. He came to Portland and engaged in various business enterprises. The accused started representing Crawford in June 1965. He ceased representing him in the summer of 1967. During this period the accused performed work for Crawford for which he billed Crawford about $4,500. Crawford acted sometimes individually and sometimes through a corporation or other business organization. The accused said he never did any legal work for any of "Crawford's companies." Except for representation in one trial there is no evidence that any other attorney represented Crawford during the period the accused did work for him. The accused testified Crawford did some of his own legal work, such as drafting documents.

Crawford was frequently in the accused's office. He was there "as a frequent caller as much as a client." On the suggestion of Crawford, persons came into the accused for legal advice.

Crawford suggested to the accused that he form a real estate investment fund in which persons could invest and the fund in turn would loan money to or purchase equities in real estate development firms. The accused organized the Oregon Real Estate Investment Fund for this purpose and acted as a trustee and attorney for the Fund. The Fund office was next to the law office of the accused. Crawford did some of the drafting of the basic documents for the Fund. The Fund trustees discussed the possibility of Crawford working for it.

During this time Crawford organized and promoted a corporation, Condor Development, Ltd. Its

purpose was real estate development. The accused testified he did no legal work for this company. The accused knew of the existence of Condor. He referred potential investors in Condor to Crawford. Crawford, in turn, referred potential borrowers to the Fund. The investment Fund contemplated dealings with a development company like Condor. Crawford desired the Fund to purchase an interest in Condor. Condor sought loan commitments from the Fund. Condor advanced $750 to the Fund for escrow fees and the printing costs of the prospectus. The Fund delivered a $1,000 check on the Fund, signed by the accused, to Crawford which the accused contends was in repayment of such advances. Crawford says the check represented a personal loan to him.

The testimony was that the Fund "did not get out of escrow" which we interpret to mean that the Fund could not comply with the requirements of the Corporation Commissioner to do business; the intimation is that sufficient funds could not be raised.

The accused testified he quit his representation of Crawford when he learned Crawford had been improperly drawing funds from Condor. In February 1968 the accused, at the instance of shareholders of Condor, filed an action for the plaintiff, Condor, against Crawford and others alleging that they had unlawfully withdrawn funds from Condor. Crawford complained to the bar about the accused's representation of Condor in the action. When the case came on for trial the question of a possible conflict of interest and the charges made to the bar were discussed. The trial judge suggested that the accused withdraw from the trial of the case. The case was continued for trial and the accused secured other counsel. Subsequently, the parties reached an agreement on settlement of the

case and the accused then drew the agreement of settlement.

The position of the accused is, while he may have used poor judgment and created a possible appearance of a conflict of interest, he was not in violation of the Rules of Professional Conduct because he did not do any legal work for Condor or for Crawford in connection with Condor; moreover, he did not bill it for any legal work. The accused construes the prohibition of the rule too narrowly. The evidence convinces us that the accused's legal relationship with Crawford was such that he would have learned information from Crawford which could adversely affect Crawford in the litigation brought against him by Condor.

Portions of the opinion of the trial committee are apt observations and we adopt them:

"Nevertheless, based on all the evidence, including the Accused's own testimony, the committee is led inescapably to the conclusion that the Accused, both in his capacity as an attorney and, secondarily, as an officer of the Trust, enjoyed a position of trust and confidence with Crawford. The Accused became closely associated with Crawford. His position as an officer of the Trust was an outgrowth of this relationship and a product of his position as an attorney. The Accused, as an attorney, advised and counseled with Crawford freely and frequently. The sharing of office space by the Accused and the Trust, and Crawford's continual use of both office facilities, exemplify the nature of the arrangement.

"* * * * *

"It may be argued that the subject of the suit against Crawford was the alleged misappropriation of Condor's funds; that the Accused had not counseled or advised Crawford concerning the mis-

appropriation; that he had not gained any special knowledge of the misappropriation by reason of his confidential relationship; and that, therefore, he could ethically sue Crawford for misappropriation. The difficulty with this argument, we feel, is that its factual premises, although correct, are too narrow. The relationship between the Accused and Crawford related to the organization and initial efforts of the entire promotional scheme. The alleged misappropriation arose out of these efforts. Therefore, the Accused should not have represented interests adverse to Crawford in connection therewith. * * *."

The trial committee and a majority of the Board of Governors recommended that the accused be publicly reprimanded for his conduct. That is the judgment of this court and this opinion shall serve as such reprimand.