Argued May 6, reprimanded June 23, 1971

IN RE COMPLAINT AS TO THE CONDUCT OF
NICHOLAS D. ZAFIRATOS, ACCUSED.
486 P2d 550

In Banc

*John R. Faust, Jr.*, Portland, argued the cause for accused. With him on the briefs were Cake, Jaureguy, Hardy, Buttler & McEwen, Portland.

*Lewis B. Hampton*, Beaverton, argued the cause for the Oregon State Bar. With him on the brief was Karl W. Freerksen, Jr., Beaverton.

PER CURIAM.

This is a disciplinary proceeding initiated by the Oregon State Bar. The lawyer involved practices law in the city of Astoria and was the part-time municipal judge.

The accused lawyer does not contest the findings of guilty made by the Board of Governors in three of the charges.

In the first charge the facts were that a couple came to the accused wanting a divorce. They had worked out the terms of a property settlement and there was to be no contest. He told them he could not represent both and undertook to represent the husband as plaintiff. At this same conference the wife said she wanted to get an annulment of a previous

marriage. The accused told her an annulment was not necessary; however, she wanted one and the accused represented her in the annulment proceeding. This proceeding was in no way connected with the divorce proceeding or affected the accused's divorce client, the husband.

The accused admits that such conduct was in violation of Canon 7 of the Rules of Professional Conduct in effect at the time of such conduct. Drinker, Legal Ethics, 113 (1953).

In another charge the accused admitted that he had sat on a traffic case and found a Mr. Abrahamsen guilty and thereafter represented a Mr. Ahola in a civil action against Mr. Abrahamsen for property damage arising out of the collision which was the basis for the traffic charge against Mr. Abrahamsen. The accused did not remember he had tried the traffic charge and when reminded by Mr. Abrahamsen's attorney, the accused withdrew and collected no fee.

There was a second charge involving different persons; however, the facts were legally similar. The traffic court proceedings in both were in the spring of 1966 and the civil litigation in the summer and fall of 1968.

1. The conduct of the accused in both these incidents was improper. We subscribe to the opinion of the Legal Ethics Committee of the Oregon State Bar as expressed by its Opinion No. 125, approved by the Board of Governors May 24, 1963. That opinion was that it is improper "for an attorney-justice of the peace [and we add any other judicial officer authorized to practice law] engaged in private practice to represent any person, who has been involved directly or in-

directly as a party or witness in any proceeding before him as a JP, in a case arising out of or related to any such proceeding."

A charge that the accused contests as not constituting unethical conduct also concerns the relationship between the accused [as judge and attorney] and a client. The accused represented a client charged with a crime. During this representation the client appeared before the accused as judge on several occasions upon a traffic charge unrelated to the criminal charge in which the accused was representing the client. Eventually, the accused ordered forfeiture of bail which had been posted by his client in the traffic charge.

2. No canon of judicial ethics specifically forbids a judge from sitting in a case in which a client is a party; however, we are of the opinion that such conduct is patently improper. Canon 13, by implication, prohibits a judge sitting in judgment upon his client:

> "He should not act in a controversy where a near relative is a party; he should not suffer his conduct to justify the impression that any person can improperly influence him or unduly enjoy his favor, or that he is affected by the kinship, rank, position or influence of any party or other person."

ORS 17.140 (2) provides that a juror may be challenged for cause because the prospective juror is the attorney for or the client of a party in the litigation. It ought to be obvious to a lawyer-judge that when the law regards a juror as disqualified because of an attorney-client or client-attorney relationship with a party, a judge should certainly disqualify himself if such relationship exists.

The other charge which the accused contests is

a charge that the accused represented a client in a cause which representation conflicted with the interests of a former client.

The accused represented Mrs. Bettendorf in the sale of her house to Mr. and Mrs. Haggrens. Subsequently, Mrs. Bettendorf, without legal assistance, sold some personal property she had in the house to Dr. Jue. The Haggrens contended either that some of this property was included in the sale of the house or that Mrs. Bettendorf had promised to sell them this property in a separate transaction. The accused undertook to represent the Haggrens and started a lawsuit against Dr. Jue. At the trial of the lawsuit Mrs. Bettendorf was called by Dr. Jue's attorney as a witness. She told the accused she "didn't think it was cricket" for him to act as the Haggren's attorney. Apparently, Dr. Jue's attorney also pointed out to the accused that the losing party might have a claim against Mrs. Bettendorf. This appears to us to be a distinct possibility as both the Haggrens and Dr. Jue claimed title through Mrs. Bettendorf. For these reasons, in August 1969, the accused took a voluntary nonsuit for the Haggrens and withdrew as their attorney.

3, 4. We dealt with a charge of conflict of interest and a violation of Rules of Professional Conduct in *In re Howard R. Hedrick*, 258 Or 70, 481 P2d 71 (1971). Rule of Professional Conduct 7 provides:

"A member of the state bar shall not represent conflicting interests, except with the express consent of all parties concerned after a full disclosure of the facts, and then only when acting in the capacity of arbitrator. Within the meaning of this rule, a lawyer represents conflicting interests when,

in behalf of one client, it is his duty to contend for that which his duty to another client requires him to oppose. The obligation to represent the client with undivided fidelity and not to divulge his secrets or confidences also forbids the member from subsequently and knowingly accepting or continuing in employment by others in matters adversely affecting any interest of the client with respect to which confidence has been imposed."

This canon is violated if a lawyer undertakes litigation for a subsequent client which, if successful, might reasonably impose liability on a former client by reason of a transaction in which the lawyer represented the former client. See Drinker, Legal Ethics, 111-112 (1953). The accused in his representation of the Haggrens violated this canon.

As discipline for all the proven and admitted charges, two of the members of the trial committee recommended that the accused be privately reprimanded and one that he be publicly reprimanded. The Board of Governors voted five for suspension and five for public reprimand.

We are of the opinion that the accused's misconduct, particularly as a judge, was such that any thinking lawyer should have known it was unethical. If a lawyer is not willing to accept the limitations upon his legal business that being a part-time judge imposes, he must relinquish his judicial duties. On the other hand, the accused has not been untruthful with his clients or caused them any loss. For these reasons we conclude that a public reprimand is the appropriate discipline and this opinion shall serve as such reprimand.